# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 10/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

FILED
6/16/2021 3:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02936

13712746

FILED DATE: 6/16/2021 3:39 PM    2021CH02936

**Chancery Division Civil Cover Sheet**
**General Chancery Section**        (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Melinda Stallworth

                                       Plaintiff

v.

                     Case No: **2021CH02936**

Terrill Outsourcing Group, LLC d/b/a Superlative RM, et. al.

                                     Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | |
|---|---|
| 0005 ☐ Administrative Review | 0017 ☐ Mandamus |
| 0001 ☑ Class Action | 0018 ☐ Ne Exeat |
| 0002 ☐ Declaratory Judgment | 0019 ☐ Partition |
| 0004 ☐ Injunction | 0020 ☐ Quiet Title |
| | 0021 ☐ Quo Warranto |
| 0007 ☐ General Chancery | 0022 ☐ Redemption Rights |
| 0010 ☐ Accounting | 0023 ☐ Reformation of a Contract |
| 0011 ☐ Arbitration | 0024 ☐ Rescission of a Contract |
| 0012 ☐ Certiorari | 0025 ☐ Specific Performance |
| 0013 ☐ Dissolution of Corporation | 0026 ☐ Trust Construction |
| 0014 ☐ Dissolution of Partnership | 0050 ☐ Internet Take Down Action (Compromising Images) |
| 0015 ☐ Equitable Lien | |
| 0016 ☐ Interpleader | ☐ Other (specify) _____ |

◉ Atty. No.: 62709      ○ Pro Se 99500

Atty Name: Chicago Consumer Law Center, P.C.

Atty. for: Plaintiff

Address: 33 N. Dearbon St. Suite 400

City: Chicago      State: IL

Zip: 60602

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: statedocket@cclc-law.com

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

| | |
|---|---|
| **MELINDA STALLWORTH,** <br> Individually and on behalf of all others <br> similarly situated, <br><br> *Plaintiff*, <br> **v.** <br><br> **TERRILL OUTSOURCING GROUP, <br> LLC D/B/A SUPERLATIVE RM and <br> BUREAUS INVESTMENT GROUP <br> PORTFOLIO NO 15, LLC** <br><br> *Defendants*. | Case No.: <br><br><br> CLASS ACTION <br><br> **JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Melinda Stallworth, individually and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

("FDCPA") for a finding that the Defendants' actions violated the FDCPA, and to recover

damages for Defendants' violations thereof, and alleges:

## NATURE OF THE CASE

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable

collection methods, conduct which harasses or abuses any debtor, and the use of any false or

deceptive statements in connection with debt collection attempts.

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

1

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

3.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices.  *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7.     "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

## JURISDICTION AND VENUE

8.     Jurisdiction over the Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business

2

FILED DATE: 6/16/2021 3:39 PM    2021CH02936

within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.      Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.  In addition, the Defendants do business in this County and have registered agents located in this State. 735 ILCS 5/2-102(a).

10.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11.     Plaintiff Melinda Stallworth was a resident and citizen of the State of Illinois during all times relevant to this complaint.

12.     Defendant Terrill Outsourcing Group, LLC d/b/a Superlative RM ("SRM") is a California based limited liability company with its principal place of business located at 9355 E. Stockton Blvd, Suite 210, Elk Grove, California 95624.

13.     Defendant SRM acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14.     Defendant SRM also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.     Defendant Bureaus Investment Group Portfolio No 15, LLC ("BIG 15") is an

3

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

Illinois based limited liability company with its principal place of business located at 650 Dundee Road, Suite 370, Northbrook, IL 60062.

16.     Defendant BIG 15 acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

17.     Defendant BIG 15 also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it is a debt buyer and employed SRM to collect alleged defaulted consumer debts on its behalf, which debts were originally owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

18.     According to the Defendants, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt").

19.     The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

20.     The Defendants have alleged that Plaintiff failed to make full payment and the debt entered default and was charged off.

21.     SRM was subsequently hired or retained to attempt to collect the alleged debt from Plaintiff on behalf of BIG 15.

22.     Defendant SRM began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about January 8, 2021. (Exhibit A, Collection Letter).

23.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

24. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

25. On information and belief, the letter was produced with the assistance of a third-party letter vendor.

26. Exhibit A contains information regarding a designated Post Office Box in Oaks, Pennsylvania. This Post Office Box has been attributed to a well-known third party letter vendor.

27. In this case, the Oaks, Pennsylvania letter vendor would have required certain information prior to sending a sending to Plaintiff, including Plaintiff's name, address, account number, the alleged creditor to whom she owes money, and the amount of the alleged debt.

28. This information would have been sent by the Defendants as a matter of course to the third party letter vendor, who would then use this information about Plaintiff to populate the template letter and communicate this information to Plaintiff.

29. Defendants communicated information about Plaintiff's alleged debt to third parties, including the third-party letter vendor, in violation of law.

30. 15 U.S.C. § 1692a(2) of the FDCPA states in relevant part:

**The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.**

31. This information about Plaintiff was a communication as it is defined by the FDCPA because it related to information about Plaintiff's alleged debt to a third-party.

32. This communication also included numerous highly personal and private details such as account number and home address, that would not necessarily be publicly available.

33. 15 U.S.C. § 1692c(b) of the FDCPA states in relevant part:

**(b) Communication with third parties;**

5

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

FILED DATE: 6/16/2021 3:39 PM    2021CH02936

**Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

34.     Defendants violated § 1692c(b) of the FDCPA when they communicated information in connection with an alleged debt about Plaintiff, to a third party, when they had no legal right to do so.

35.     At no time did Plaintiff provide prior consent to the Defendants to communicate this highly private financial information to a third party.

36.     At no point did a court of competent jurisdiction provide authorization for Defendants to communicate this information about Plaintiff.

37.     This communication was not reasonably necessary to effectuate a postjudgment judicial remedy.

38.     The communication to the third party letter vendor was not to the consumer, their attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

39.     Defendants' communications regarding Plaintiff's alleged debt caused an outside party to obtain this highly sensitive information about Plaintiff.

40.     The Defendants had no legal right to communicate this information about Plaintiff to a third party that was not specifically authorized to receive it under 15 U.S.C. § 1692c(b) of the FDCPA.

FILED DATE: 6/16/2021 3:39 PM    2021CH02936

41.     15 U.S.C. § 1692f of the FDCPA provides in relevant part:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

42.     Defendants violated § 1692f by communicating private financial information about Plaintiff to a third-party in its attempt to collect the alleged debt.

43.     BIG 15 authorized, directed, and ratified every action taken by SRM on its behalf, and is liable for the acts and omissions of SRM, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc*., 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F. 3d 379 (3rd Cir. 2000).

44.     A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

45.     The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT- ON BEHALF OF A CLASS

46.     Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

47.     The Defendants violated § 1692c(b) of the FDCPA when it communicated information in connection with an alleged debt about Plaintiff, to a third party, when it had no legal right to do so.

48.     The Defendants violated § 1692f by communicating private financial information about Plaintiff to a third-party in its attempt to collect the alleged debt.

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

## CLASS ALLEGATIONS

49.     Plaintiff brings this claim on behalf of a class. The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of Terrill Outsourcing Group, LLC,  in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt allegedly owed to Bureaus Investment Group Portfolio No 15, LLC; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

50.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

51.     The proposed class meets all requirements under 735 ILCS 5/2-801.

52.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendants. However, it is reasonable to infer that more than 40 Illinois consumers are members of the class. Class members can be easily identified through Defendants' records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

53.     **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

(a) whether the Defendants communicated information about the alleged debt to a third party when it had no legal right to do so; and

(b) whether such communications violate the FDCPA.

8

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

54.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the class members they seek to represent and Plaintiff intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the class members.

55.     **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for class members to individually seek redress for Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff asks for an award in their favor and against the Defendants as follows:

A.     Certification of the proposed class;

B.     Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

9

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

D.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E.      Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

F.      Such other or further relief as the court deems proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
(Cook County Firm No. 62709)
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

Return Date: No return date scheduled
Hearing Date: 10/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
 Cook County, IL

FILED DATE: 6/16/2021 3:39 PM   2021CH02936

FILED
6/16/2021 3:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02936

13712746

# EXHIBIT A

FILED DATE: 6/16/2021 3:39 PM 2021CH02936



Elk Grove, CA 95759-0967
Web: www.superlativerm.com
Email: customercare@superlativerm.com
Toll Free: 888-441-4544
Hours: Mon-Fri 8:00 AM - 5:00 PM PST

01/08/2021

## YOUR ACCOUNT INFORMATION

| | |
|---|---|
| **CURRENT CREDITOR:** | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| **ORIGINAL CREDITOR:** | |
| **MERCHANT:** | |
| **ORIGINAL CREDITOR ACCT:** | Comenity Capital Bank |
| **BALANCE DUE:** | 0.00 |
| **REFERENCE NUMBER:** | $555.79 |

Dear MELINDA STALLWORTH

This notice is sent by a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You are hereby advised, unless you, the consumer, notify this office within thirty (30) days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this office in writing thirty (30) days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain and send to you verification of the debt or a copy of a judgment against you. Upon your written request within thirty (30) days after receipt of this notice this office will provide you with the name and address of the original creditor, if different than the current creditor. You can notify us by email at customercare@superlativerm.com.

## PAYMENT OPTIONS

 • Pay online by visiting our website www.superlativerm.com

• Pay by phone by calling 888-441-4544

✉ • Mail in check or money order with the coupon below.

*Please detach and return lower portion with your payment for proper credit please write TBI164682 on your check*

---



PO Box 1259
Dept. # 158897
Oaks, PA 19456

| STATEMENT DATE | PAY THIS AMOUNT | REFERENCE # |
|---|---|---|
| 01/08/2021 | $555.79 | |
| **PAYMENT DUE DATE** | **SHOW AMOUNT PAID HERE** | |
| **PAY NOW** | | |



**PAY ONLINE:** www.superlativerm.com

 For your convenience, we accept payments online using **Visa, MasterCard, Discover, and AmEx.**

**PLEASE MAKE CHECKS AND MONEY ORDERS PAYABLE TO:**


MELINDA STALLWORTH

Superlative RM
P.O. Box 967
Elk Grove, CA 95759-0967

158718-1-2226

Hearing Date: 10/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
Cook County, IL

FILED
6/25/2021 11:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02936
13824771

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

**MELINDA STALLWORTH,**
Individually and on behalf of all others
similarly situated,

Case No.: 2021-CH-02936

*Plaintiff*,

v.

Hon. Eve M. Reilly

**TERRILL OUTSOURCING GROUP,
LLC D/B/A SUPERLATIVE RM and
BUREAUS INVESTMENT GROUP
PORTFOLIO NO 15, LLC**

CLASS ACTION

**JURY DEMAND**

*Defendants*.

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, hereby states as follows:

1.    Plaintiff seeks relief on behalf of herself and a class of similarly situated persons

as alleged in his Class Action Complaint.

2.    Pursuant to 735 ILCS 5/2-801, and for the reasons stated in Plaintiff's

contemporaneously filed supporting memorandum, Plaintiff respectfully requests that this action

be certified for class treatment on behalf of the following proposed class:

> **(a) all individuals with Illinois addresses; (b) who were sent a collection
> letter, by a third party letter vendor on behalf of Terrill Outsourcing Group,
> LLC, in the form represented by Exhibit A to Plaintiff's Class Action
> Complaint; (c) to collect a consumer debt allegedly owed to Bureaus
> Investment Group Portfolio No 15, LLC; (d) that was sent on or after a date
> one year prior to the filing of this action under the Fair Debt Collection
> Practices Act; and (e) that was not returned as undeliverable by the postal
> service.**

Respectfully Submitted,

1

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY ATTORNEY ID. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

### Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Friday, June 25, 2021, I caused the foregoing **Motion for Class Certification and Memorandum in Support** to be filed with the Clerk and sent via USPS First-Class Mail to:

**Terrill Outsourcing Group, LLC**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

**Bureaus Investment Group Portfolio No 15, LLC**
**c/o Michael Slotky**
**650 Dundee Road, Suite 370**
**Northbrook, IL 60062**

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

2

Hearing Date: 10/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
Cook County, IL

FILED
6/25/2021 11:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02936
13824771

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

**MELINDA STALLWORTH,**
Individually and on behalf of all others
similarly situated,

Case No.: 2021-CH-02936

*Plaintiff*,

v.

Hon. Eve M. Reilly

**TERRILL OUTSOURCING GROUP,**
**LLC D/B/A SUPERLATIVE RM and**
**BUREAUS INVESTMENT GROUP**
**PORTFOLIO NO 15, LLC**

CLASS ACTION

**JURY DEMAND**

*Defendants*.

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, moves, pursuant to 735 ILCS 5/2-801, to certify this

case to proceed as a class action for a Class defined as: (a) all individuals with Illinois addresses;

(b) who were sent a collection letter, by a third party letter vendor on behalf of Terrill

Outsourcing Group, LLC, in the form represented by Exhibit A to Plaintiff's Class Action

Complaint; (c) to collect a consumer debt allegedly owed to Bureaus Investment Group Portfolio

No 15, LLC; (d) that was sent on or after a date one year prior to the filing of this action under

the Fair Debt Collection Practices Act; and (e) that was not returned as undeliverable by the

postal service.

### Nature of the Case

Plaintiff Melinda Stallworth brings Count I under the Fair Debt Collection Practices Act

against Defendants Terrill Outsourcing Group, LLC d/b/a Superlative RM ("SRM") and Bureaus

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

Investment Group Portfolio No 15, LLC ("BIG 15"). Plaintiff seeks redress from the unlawful, unfair and deceptive debt collection practices perpetrated by Defendants against herself and the putative class.

Defendants began efforts to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about January 8, 2021. (Exhibit A to Plaintiff's Complaint, Collection Letter). The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

On information and belief, the letter was produced with the assistance of a third party letter vendor. In this case, the letter vendor would have required certain information prior to sending a letter to Plaintiff, including Plaintiff's name, address, account number, the alleged creditor to whom she owes money, and the amount of the alleged debt. This communication also included numerous highly personal and private details such as account number and home address, that would not necessarily be publicly available.

Defendants had no legal right to share information regarding Plaintiff's alleged debt with third parties, like they did here. As a result, Plaintiff's financial information was exposed to third parties that she did not consent to, and who are not legally allowed to have this information. As a result, Plaintiff has pled the following violations:

**A.**     The Defendants violated § 1692c(b) of the FDCPA when they communicated information in connection with an alleged debt about Plaintiff, to a third party, when they had no legal right to do so.

**B.**     The Defendants violated § 1692f by communicating private financial information about Plaintiff to a third party in their attempts to collect the alleged debt.

Each of the above violations may be determined on a class basis.

2

FILED DATE: 6/25/2021 11:23 AM    2021CH02936

### This Motion is Timely and May be Supplemented Later as Appropriate

Plaintiff may be required to file a motion for class certification with the Complaint and is

able to request leave to supplement it later. *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450

(2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020).

### The Class Satisfies All Prerequisites for Certification under 735 ILCS 5/2-801

735 ILCS 5/2-801 provides: "An action may be maintained as a class action in any court

of this State and a party may sue or be sued as a representative party of the class only if the court

finds:

(1)     The class is so numerous that joinder of all members is impracticable.

(2)     There are questions of fact or law common to the class, which common questions
        predominate over any questions affecting only individual members.

(3)     The representative parties will fairly and adequately protect the interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the
        controversy.

### A.    Numerosity is Met for the Class.

The first requirement for class certification is numerosity.  A proposed class should be so

numerous that joinder is impracticable. *See* 735 ILCS § 5/2-801(1). Numerosity can be inferred

here as Defendants use a form letter to communicate with alleged consumer debtors in the State

of Illinois, BIG 15 is an Illinois corporation, and SRM does enough business within Illinois to

justify appointing a registered agent here. Based on the business practice of communicating debt

collection information to the letter vendor, it is likely that virtually all consumers to whom

Defendants have communicated within the State of Illinois have had their personal information

shared with third parties without their consent and without legal justification. The exact number

of class members is presently unknown and can only be ascertained through discovery because

3

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

that information is exclusively in the possession of the Defendants. However, class members can be easily identified through a ministerial review of the Defendants' records, and it is anticipated that more than 40 Illinois consumers had their personal information shared with a third party without consent or legal justification. The benchmark for numerosity in Illinois is 40:

> If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, * * * become relevant. *Miller*, An Overview of Federal Class Actions: Past, Present, and Future, Federal Judicial Center, at 22 (1977).

*Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

Based on this, numerosity should be found and joinder of all members of each class is impracticable.

### B. Commonality and Predominance are Met for the Class.

Plaintiff can also demonstrate the second element of certification, that there "are questions of fact or law common to the class" that "predominate over any questions affecting only individual members." 735 ILCS § 5/2-801(2). Under this standard, "so long as there is a question of fact or law that is common to the class that predominates over questions affecting only individual members of the class, the statutory requirement is met." *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d. 538, 549 (5th Dist. 2003).

> A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common class questions still predominate the case, and the class action is not defeated...

*Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266, 273 (1st Dist. 1977); *see also Gordon v. Boden*, 224 Ill. App. 3d 195, 200-03 (1st Dist. 1991) (commonality met for manufacturer selling

4

defective orange juice despite purported individual issues regarding purported reliance, applicable state law, and price paid).

This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation: (a) whether the Defendants communicated information related to the collection of a debt to third parties without the consumer's consent; (b) whether Defendants had legal authorization to communicate this information to third parties; and (c) whether such communications violate the FDCPA.

The only individual issue is the identification of the class members, a matter easily ascertainable from the files of the Defendants. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

## C. Plaintiff and Class Counsel will More than Adequately Represent the Class Members' Interests.

Plaintiff satisfies the third requirement to certify a class action in Illinois, specifically that she will "fairly and adequately protect the interests of the class." 735 ILCS § 5/2-801(3). Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the class members she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

The purpose behind the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *See Bueker v. Madison County*, 2016 IL App (5th) 150282, 61 N.E.3d

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

237 (5th Dist. 2016) (*citing Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 831, 876 N.E.2d 1036 (2007)). Courts break down adequacy into three sub-requirements: 1) the class representative is a member of the class; 2) the class representative must not be seeking relief that is potentially in conflict with the class; 3) the class representative has the desire and ability to prosecute the claim vigorously on behalf of herself and the class members with sufficient knowledge and understanding of the litigation. *See Byer Clinic & Chiropractic, Ltd. v. Kapraun*, 48 N.E. 2d 244, 247 (1st Dist. 2016). All requirements are met by Plaintiff herein.

Further, the undersigned counsel is well experienced and capable of representing the class and have represented consumers in numerous class actions prior to this case. Plaintiff and Plaintiff's counsel have no interests adverse to, or which conflict with, the interests of other members of the Class or Subclasses. Plaintiff is well-informed about the allegations, merits, and risks of this litigation, and is willing to actively participate in this case. *See Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612, 621 (1st Dist. 1986) (class representatives found adequate where record showed knowledge, persistence in prosecuting claim, and willingness to serve as representative). For these reasons, adequacy is met.

## D. The Class Action is the Appropriate Method for the Fair and Efficient Adjudication of the Controversy.

The present case is appropriate for a class action, as it would provide for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment enables a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender. This also protects judicial resources as it would allow a single judicial decision to apply to the entire class, rather than require the separate adjudication of dozens or hundreds of very similar claims.

Further, because class damages here will be predominately based on a formulaic net worth calculation, damages do not predominate over the readily proven common questions. *Bueker*, 2016 IL App (5th) 150282, ¶ 35 ("plaintiff must show that the damages are susceptible of measurement on a class-wide basis in order to maintain class certification.") In this case, statutory damages are recoverable for FDCPA violations, whether or not the consumer proves actual damages. *See Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). The methodology for calculating damages here can be readily performed on a class-wide basis since the FDCPA itself sets the measurements, and there are no questions of individual damage calculations which would overwhelm questions common to the class.

### E.    Timeliness of Plaintiff's Motion for Certification

While this case has only recently been filed, Plaintiff is presenting this motion, in part, to comply with the Illinois Supreme Court's decisions in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020), which require that a motion for class certification be filed to avoid potential "pick-off" of the named Plaintiff by Defendants. While all facts have not been fleshed out at this point, Plaintiff and her counsel are confident that with discovery, all required information will be obtained to reasonably supplement this motion for class certification. Plaintiff would not object to this Court entering and continuing this motion to allow the parties time to adequately engage in discovery prior to Defendants filing a response or to allow an amended or supplemental motion to be filed.

Further, if briefing and certification proceed ahead now, 735 ILCS 5/2-802 provides that a class certification order may be amended later to allow for adjustment of the appropriate classes or subclasses already certified. *See Cohen v. Blockbuster Entertainment, Inc.*, 376 Ill.

FILED DATE: 6/25/2021 11:23 AM    2021CH02936

App. 3d 588, 595 (1st Dist. 2007) ("the trial court has a continuing obligation to take cognizance

of a change in factual circumstances and to modify class certification rulings when necessary.")

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above

respectfully requests that this Honorable Court certify the Class pursuant to the Illinois Class

Action Statute, 735 ILCS 5/2-801, and:

       (A)    Certify the case as a class action for the class members defined above;

       (B)    Appoint Plaintiff as Class Representative;

       (C)    Appoint Chicago Consumer Law Center, P.C. and Bardo Law, P.C. as Class
               Counsel; and

       (D)    Any and all other relief the Court deems just and proper.

**Dated: June 25, 2021**

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

**Certificate of Service**

8

FILED DATE: 6/25/2021 11:23 AM    2021CH02936

FILED DATE: 6/25/2021 11:23 AM   2021CH02936

I, Bryan Paul Thompson, an attorney, state that on Friday, June 25, 2021, I caused the foregoing **Memorandum in Support of Class Certification** to be filed with the Clerk and sent via USPS First-Class Mail to:

**Terrill Outsourcing Group, LLC**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

**Bureaus Investment Group Portfolio No 15, LLC**
**c/o Michael Slotky**
**650 Dundee Road, Suite 370**
**Northbrook, IL 60062**

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

9