```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

| | |
|---|---|
| MELINDA STALLWORTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERRILL OUTSOURCING GROUP,<br>LLC d/b/a SUPERLATIVE RM,<br>and BUREAUS INVESTMENT GROUP<br>PORTFOLIO NO. 15, LLC,<br><br>　　　　　Defendants. | Case No. 21 C 4332<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

The Plaintiff, Melinda Stallworth ("Stallworth" or the "Plaintiff"), is bringing a putative class action on behalf of herself and others similarly situated against Defendants, Terrill Outsourcing Group, LLC d/b/a Superlative RM and Bureaus Investment Group Portfolio No. 15 LLC (the "Defendants"), debt collectors, for violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. Her specific allegation is that Defendants employed a third-party vendor to communicate with Plaintiff concerning collection of a debt without her permission, which is alleged to violate § 1692c(b) of the FDCPA. This section provides as follows:

> (b) Communication with third parties.
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Plaintiff originally filed her suit in state court after which Defendants removed it to federal court pursuant to 28 U.S.C. § 1446(a), on the basis of a federal question jurisdiction. (Dkt. No. 1.) Plaintiff has filed this Motion to Remand, arguing that there is no case or controversy because she is only seeking statutory damages which can be recovered in state court. (Mot., Dkt. No. 16.) She has stipulated that she has not suffered any actual damages. (*Id.* at 1.)

Plaintiff says, correctly, that Defendants, being proponents of federal jurisdiction, have burden to establish federal jurisdiction. *Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017). In order to do so, Defendants must demonstrate that (1) Plaintiff has suffered an actual or eminent, concrete, and particularized injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by

a favorable decision. *Spokeo, Inc., v. Robins*, 578 U.S. 330 (2016). Removal jurisdiction is narrowly construed, and any doubt is to be resolved in favor of remand. *Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

In a series of recent decisions, the Seventh Circuit has repeatedly dismissed FDCPA cases for lack of standing where plaintiffs have failed to show that they took a specific act to their detriment as a direct result of a defendant's FDCPA violation. *See Casillas v. Madison Avenue Associates*, 926 F.3d 329 (7th Cir. 2019)(alleged violation was failure to tell debtor that he must communicate with debtor in writing); *Larkin v. Finance System of Green Bay*, 982 F.3d 1060 (7th Cir. 2020)(statements that might cause plaintiff not to seek medical attention); *Spuhler v. State Collection Service*, 983 F.3d 282 (7th Cir. 2020)(failure to alert plaintiff that interest would continue to accrue); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020)(telling debtor that it was required to report release of debt to IRS); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020)(advising debtor of foreclosure possibilities); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899-900 (7th Cir. 2020)(Dunning letter overstating amount due); *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 280-81 (7th Cir. 2020)(failure to advise the

debt amount would increase with accrual of interest); *Smith v. GC Services Ltd. Partnership*, 986 F.3d 708 (7th Cir. 2021)(advising that a writing is necessary to dispute a debt); *Pennell v. Global Trust Management LLC*, 990 F.3d 1041 (7th Cir. 2021)(Dunning letter caused stress and confusion); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021)(stress and humiliation); and *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934 (7th Cir. 2022)(risk of harm by paying time-barred debt).

In addition, the Seventh Circuit has repeatedly held that stress (not accompanied by physical manifestations), annoyance, confusion, aggravation, and even hiring a lawyer, will not constitute an injury in fact, *i.e.,* a concrete and particularized harm. While it is true that the Seventh Circuit has not considered a FDCPA case involving Section 1692c(b), it does not appear that the so-called harm to which it is directed is any greater than the harm which the other sections of the FDCPA are directed, which might alleviate the requirement to demonstrate a concrete harm.

Defendants argue that the Supreme Court in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021), has held that certain intangible harms to the debtor resulting from an FDCPA violation, even though they do not arise from a specific detrimental act

- 4 -

taken by the debtor, can constitute a concrete injury justifying federal jurisdiction. According to *TransUnion*, if a plaintiff can establish that the debt collector's violation of the FDCPA has a close relationship to a wrongful act that has traditionally been recognized as a basis for a tort action under common law, such violation can provide a basis for federal jurisdiction. Such intangible harms may include, for example, harm to one's reputation, disclosure of private information, and intrusion upon seclusion, which closely approximate the common law torts of defamation and invasion of privacy. 141 S.Ct. at 2204. Defendants cite as further authority an Eleventh Circuit case that has since been withdrawn, *Hunstein v. Preferred Collection & Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021)("*Hunstein I*"), *opinion vacated and superseded on rehearing,* 17 F.4th 1016 (11th Cir 2021) ("*Hunstein II*"), *rehearing en banc granted and opinion vacated,* 17 F.4th 1103 (11th Cir. 2021) and several Northern District of Illinois Court decisions that followed it, which found federal jurisdiction arising from alleged violations of Section 1692c(b) because they have analogs in the federal causes of action based on invasion of privacy.

However, relying on *Hunstein* as authority for federal jurisdiction presents several problems: first of course, is the

fact that the *Hunstein* opinion has been withdrawn and therefore does not constitute authority. Second, the contrary arguments raised by the dissent, which apparently were convincingly enough to warrant an *en banc* rehearing, that the mere fact of communicating to a letter vendor historically did not constitute a publication, which would defeat the common law torts of defamation and invasion of privacy analogy, and that the FDCPA is not aimed at covering those who only engage in the performance of ministerial duties associated with debt collection. In support of this last point, the dissent cited to the Seventh Circuit decision, *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000), where Judge Posner said that targeting those who merely performed ministerial duties would constitute sanctionable conduct. Third, a major distinction between this case and *Hunstein* is the fact that Plaintiff has stipulated that she suffered no injury in fact as a result of the alleged FDCPA violation, where the Plaintiff in *Hunstein* was the party seeking federal jurisdiction for his alleged injury resulting from the alleged violation of Section 1692c(d), who did not disavow an injury in fact. As *Spokeo* has pointed out, the concreteness requirement is a major factor in establishing federal jurisdiction. A debtor, who disavows an injury in fact, could

not be able to claim an injury to be concrete and to allow the creditor to do so makes no sense.

In summary we have a debt collector who utilizes a third party to mail Dunning letters. Thus, the only individual having access to the debt information is the individual who created and mailed the Dunning letter. This ministerial activity is no different from what a lawyer's secretary normally performs. The fact that a secretary is an employee rather than a contractual worker appears wholly irrelevant. In fact, many lawyers hire contract secretarial services, as well as court reportors. Suppose an attorney who is employed to collect a large debt is forced to file suit against the debtor and in course of the proceeding takes a deposition of the debtor before a court reporter, who is virtually always, like the third-party vendor in this case, a third-party vendor. Court reporters, like the third-party vendor in this case, are not covered by the permissible list of persons to whom the debt information may be disclosed.

The final distinguishing feature of this case from *Hunstein* is the unusual alignment of the parties to this Motion. Normally, the debtor is the one seeking to establish an injury in order to bring the FDCPA action in federal court. It is the debt collector who is seeking to stay out of federal court by denigrating the

debtor's alleged injury, like *Spokeo*, *TransUnion*, and *Hunstein* tried to do. Moreover, it is the debtors who cite the importance of the private attorney general role in enforcing the FDCPA in criticizing *Spokeo* and its progeny. In any event the Plaintiff by her own Motion seeks to avoid federal jurisdiction. By forgoing any claim for an injury in fact, she has successfully done so in this case. The Motion to Remand is granted.

**IT IS SO ORDERED.**

_____
  Harry D. Leinenweber, Judge
  United States District Court

Dated: 6/1/2022